```
___ FILED       ___ ENTERED
___ LODGED      ___ RECEIVED

    MAY 2   2004

       AT SEATTLE
  CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                        DEPUTY
```

04-CV-00360-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSTCO WHOLESALE CORP.,

    Plaintiff,

    v.

NORM MALENG, et al.,

    Defendants.

No. C04-0360P

ORDER GRANTING MOTION FOR LEAVE TO INTERVENE

This matter comes before the Court on the Washington Beer and Wine Wholesalers Association's Motion for Leave to Intervene. (Dkt. No. 7). Having reviewed the pleadings and supporting documents, the Court GRANTS the Washington Beer and Wine Wholesalers Association's motion. The Washington Beer and Wine Wholesalers Association ("Association") may intervene as a matter of right under Fed. R. Civ. P. 24(a) because its members have a protectable interest in this litigation that may be impaired or impeded if not allowed to intervene, and the government Defendants may not adequately represent the Association's interests. Moreover, because the Association may intervene as a matter of right, Plaintiff's proposed conditions of intervention do not come into play.

ORDER - 1

## BACKGROUND

On February 20, 2004, Plaintiff Costco Wholesale Corporation ("Costco") filed a complaint against various Washington state and Seattle city government officials and agencies ("Defendants"), challenging statutes and regulations that govern the importation, distribution, and sale of beer and wine in Washington. They allege violations of the Sherman Act, 42 U.S.C. § 1983, the Commerce Clause of the United States Constitution, and the Washington Constitution.

On March 16, the Association filed a motion for leave to intervene as a party defendant. The Association is a professional trade organization with approximately 50 beer and wine wholesalers as members. According to the Association, its members handle the bulk of the beer and wine sold in Washington, and a majority of its members distribute some beer and wine to Costco locations.

## ANALYSIS

Federal Rule of Civil Procedure 24(a) provides for intervention as a matter of right when the applicant has an interest in the subject matter of the litigation that may be impeded or impaired by the litigation, unless the applicant's interest is adequately represented by existing parties. The Ninth Circuit construes Rule 24(a) liberally in favor of potential intervenors. Southwest Center for Biological Diversity v. Berg, 268 F.3d 810, 818 (9th Cir. 2001).

The Ninth Circuit applies a four-part test to determine if intervention as a matter of right is justified: (1) the application must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the litigation; (3) the applicant must be so situated that disposition of the litigation may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit. Southwest Center, 268 F.3d at 818, Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836 (9th Cir. 1996).

I. Timeliness

ORDER - 2

1  The Association filed this motion less than one month after Plaintiff filed the complaint.

2  Therefore, the motion for leave to intervene is timely.

3  II. Significantly Protectable Interest

4  The Association's members have significant protectable interests in the subject matter of this

5  litigation through their contract rights. Contract rights are protectable interests under Rule 24(a).

6  Southwest Center, 268 F.3d at 820, Sierra Club v. Environmental Protection Agency, 995 F.2d 1478,

7  1482 (9th Cir. 1993). Costco does not dispute that the Association's members have such interests.

8  Rather, Costco argues that these individual members should be the intervening party, not the

9  Association. However, the Association has standing to represent its members in this litigation. Hunt

10 v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977) (holding that an association

11 has standing to bring suit on behalf of its members when 1) the members would otherwise have to sue

12 in their own right, 2) the interests the association seeks to protect are germane to the association's

13 purpose, and 3) neither the claim asserted nor the relief sought requires participation by individual

14 members), Oregon Advocacy Center v. Mink, 322 F.3d 1101, 1109 (9th Cir. 2003) (citing Hunt).

15 III. Impede or Impair Applicant's Interest

16 The Association's members' interests may be impaired or impeded by the disposition of this

17 litigation because Costco challenges the very statutes and regulations that underlie the members'

18 contract rights. Thus, if Costco were to prevail on the merits, the Association's members' interests

19 would likely be significantly effected.

20 IV. Inadequacy of Representation by Existing Parties

21 The case law requires only that the existing parties may not adequately represent the

22 intervenor applicant's interest. Southwest Center, 268 F.3d at 823. In assessing adequacy of

23 representation, the court should consider whether the interest of the existing party is such that it will

24 undoubtedly make all of the intervenor's arguments, whether the existing party is capable and willing

25

ORDER - 3

1 to make such arguments, and whether the would-be intervenor would offer any necessary elements to

2 the proceedings that the other parties would neglect.

3 The government Defendants may not adequately represent the Association's members'

4 interests in this litigation. Even if the government Defendants were to argue wholeheartedly that the

5 challenged statutes and regulations are valid under antitrust laws, their interests in this litigation are

6 not identical to those of the Association, which represents the interests of private parties that conduct

7 business under the current regulatory system. Therefore, the government Defendants' interests in this

8 litigation are not such that they will undoubtedly make the same arguments that the Association

9 would make. Contrary to Costco's argument, it is not "pure speculation" that the government

10 Defendants will not advance the same arguments that the Association would. This conclusion is

11 further bolstered by the government Defendants' response to this motion. They do not oppose

12 intervention and state that they may not necessarily make the same arguments that the Association

13 might make.

## CONCLUSION

15 The Court GRANTS the Association's Motion for Leave to Intervene. The Association may

16 intervene as a matter of right under Fed. R. Civ. P. 24(a) because its members have a protectable

17 interest in this litigation that will be impaired or impeded if not allowed to intervene, and the

18 government Defendants may not adequately represent the Association's interests. Plaintiff's

19 proposed conditions of intervention do not come into play because the Association may intervene as a

20 matter of right.

21 The clerk is directed to provide copies of this order to all counsel of record.

22 Dated: May 21, 2004

Marsha J. Pechman
United States District Judge

ORDER - 4