UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSTCO WHOLESALE CORPORATION,

　　　　　Plaintiff,

　　v.

ROGER HOEN, et al.,

　　　　　Defendants, and

WASHINGTON BEER AND WINE
WHOLESALERS ASSOCIATION,

　　　　　Intervenor-Defendant

No. C04-360P

ORDER ON PLAINTIFF'S MOTION
TO CLARIFY OR AMEND
JUDGMENT AND PROPOSAL OF
ATTORNEYS' FEES BRIEFING
SCHEDULE

　　　　This matter comes before the Court on Plaintiff Costco Wholesale Corporation's Motion to Clarify or Amend Judgment and Proposal of Attorneys' Fees Briefing Schedule. (Dkt. No. 151). After this motion was filed, the parties agreed on a schedule for briefing Costco's request for fees and costs and, with one exception, reached agreement on the form of amended judgment proposed by Costco. (Dkt. No. 155). Having reviewed the materials submitted by the parties and the balance of the record, the Court GRANTS Costco's motion and will adopt the proposed amended judgment submitted by Costco (Dkt. No. 155-2), subject to the modifications discussed below.

ORDER - 1

1  The Court finds that amending the judgment entered in this matter on April 24, 2006 would
2  serve to clarify the Court's holdings and to resolve ambiguities in this complex case. The parties have
3  largely stipulated to the entry of a proposed amended judgment. Except to the extent discussed
4  below, the Court finds that the amendments agreed to by the parties are reasonable. The parties' only
5  disagreement concerns Costco's third claim under 42 U.S.C. § 1983. Costco sought relief under
6  Section 1983 based on: (1) violations of the Commerce Clause; and (2) violations of federal antitrust
7  law.

## Section 1983 Claims

9  Defendants state that they "do not believe the Court's intent is clear as to whether the Court
10 granted relief for the Commerce Clause violations under § 1983." (Dkt. No. 155 at 2). However, in
11 an order dated December 21, 2005, the Court granted in part Costco's motion for partial summary
12 judgment on its second claim and the related portion of its third claim. (Dkt. No. 112). Costco's
13 second claim challenged the constitutionality of Washington policies that permitted only Washington-
14 based wineries and brewers to distribute their products directly to retailers, while the related portion of
15 Costco's third claim alleged deprivations of its constitutional rights under Section 1983. In its order
16 regarding these claims, the Court found that Washington's policies violated the Commerce Clause and
17 stated that "the Court GRANTS in part Coscto's motion for summary judgment on its second claim
18 and the related portion of its third claim." Id. at 14. This ruling was reflected in the pre-trial order
19 jointly submitted by the parties and signed by the Court, which stated: "The Court . . . granted
20 summary judgment that discrimination favoring in-state producers over out-of-state producers in
21 selling to retailers violates the Commerce Clause and 42 U.S.C. § 1983." (Dkt. No. 122 at 3). In
22 addition, the judgment entered in this matter on April 24, 2006 stated: "Judgment is . . . entered in
23 Plaintiff's favor on Plaintiff's second claim and the related portion of Plaintiff's third claim." (Dkt.
24 No. 150).

25

ORDER - 2

Therefore, the record should already reflect that the Court entered judgment in Costco's favor on its Section 1983 claim based on Commerce Clause violations. However, to ensure clarity on this issue, the Court will issue an amended judgment that adopts the following language proposed by Costco:

> Judgment is also entered in Costco's favor on Costco's Second Claim and the related portion of Costco's Third Claim. Discrimination favoring in-state producers of wine and beer over out-of-state producers in selling to retailers violates the Commerce Clause and 42 U.S.C. § 1983.

Costco also requests that the Court amend the judgment to include a provision regarding Costco's claims under Section 1983 based on federal antitrust violations. In its Findings of Fact and Conclusions of Law, the Court did not reach these Section 1983 claims. The Findings and Conclusions stated: "The Court may enjoin antitrust violations pursuant to 15 U.S.C. § 26. The Court finds that it is not necessary to reach Costco's request for relief for antitrust violations under 42 U.S.C. § 1983." (Dkt. No. 149 at 18). In a footnote, the Court further noted:

> The parties have provided virtually no briefing on Costco's § 1983 claims. It is questionable in any case that a § 1983 claim may be based on violations of federal antitrust laws. See, e.g., Racetrac Petroleum, Inc. v. Prince George's County, 601 F. Supp. 892, 913 n.29 (D. Md. 1985) ("the Court does not believe that violation of the antitrust laws may be the basis for a § 1983 action"); Bonollo Rubbish Removal, Inc. v. Town of Franklin, 886 F. Supp. 955, 965-66 (D. Mass. 1995) (similar); see generally City of Rancho Palos Verdes v. Abrams, 544 U.S. 113 (2005) (discussing limitations on maintaining Section 1983 actions based on violations of federal law).

Id. at 18 n.4.

Costco proposes that the judgment should be amended to include the following language:

> It is unnecessary for the Court to reach Costco's request for relief for antitrust violations under 42 U.S.C. § 1983 because the remedy, including recovery of attorney's fees, would be the same as under 15 U.S.C. § 26.

(Dkt. No. 155 at 2) (emphasis added). Defendants object to this proposal, stating that they "disagree with Costco's assumption that the Court determined that the remedy for antitrust violations under § 1983, including recovery of attorney's fees, would be the same as under 15 U.S.C. § 26." Id.

ORDER - 3

The Court declined to reach Costco's Section 1983 claims for antitrust violations for the reasons stated in the Findings of Fact and Conclusions of Law: (1) the Court could award injunctive relief under 15 U.S.C. § 26; and (2) the parties provided virtually no briefing on Costco's § 1983 claims for antitrust violations and it is questionable that a Section 1983 claim may be based on violations of federal antitrust laws. The Court did not state in its Findings of Fact and Conclusions of Law that Costco's remedies under Section 1983 for antitrust violations, including recovery of attorney's fees, would be "the same" as under 15 U.S.C. § 26, and the Court declines to amend the judgment to include such a statement.

However, 15 U.S.C. § 26 by its terms provides that "[i]n any action under this section in which the plaintiff substantially prevails, the court shall award the costs of suit, including a reasonable attorney's fee, to such plaintiff." In the interest of clarifying that Costco may seek attorney's fees and costs under 15 U.S.C. § 26, the Court will modify Costco's proposed amendment to the judgment to provide as follows:

> It is unnecessary for the Court to reach Costco's request for relief for antitrust violations under 42 U.S.C. § 1983. The Court may grant injunctive relief and attorney's fees and costs under 15 U.S.C. § 26.

### Stay of Judgment

The parties have stipulated to including the following language in an amended judgment:

> Except as to Costco's Second Claim and related portion of Costco's Third Claim, the Judgment is stayed until the later of thirty (30) days after entry of the original judgment on April 24, 2006, or, if defendants timely appeal and seek a further stay, the date determined by the Court upon ruling on that request.

The proposed language is somewhat confusing. In addition, Defendants have now filed a motion for a stay of judgment in this matter pending appeal. (Dkt. No. 158). Therefore, the Court will modify the parties' proposed language to read as follows:

> Except as to Costco's Second Claim and related portion of Costco's Third Claim, the Judgment is stayed until the Court issues a ruling on Defendants' Motion for Stay of Order and Judgment Enjoining Enforcement of Certain Rules and Laws Pending Appeal. (Dkt. No. 158).

ORDER - 4

**Costs**

Finally, the parties have stipulated to including the following language in an amended judgment:

> Costco is awarded its costs, and Costco has moved for an award of attorneys' fees. The Court will consider statutory costs as part of the fee award process.

This proposed language appears to be inconsistent with Local Civil Rule 54(d)(3), which provides that motions for costs shall be considered by the clerk of the court. Therefore, the Court will not include this language in the amended judgment.

**Conclusion**

The Court will direct entry of an amended judgment that is consistent with this order. The clerk is directed to send copies of this order to all counsel of record.

Dated: May 25, 2006.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 5