UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSTCO WHOLESALE CORPORATION,

Plaintiff,

v.

ROGER HOEN, et al.,

Defendants, and

WASHINGTON BEER AND WINE WHOLESALERS ASSOCIATION,

Intervenor-Defendant

No. C04-360P

AMENDED JUDGMENT

This action came to trial before the Court. The issues have been tried and a decision has been rendered. Based upon the Findings of Fact and Conclusions of Law entered in this matter, and the records and files herein, it is hereby

ORDERED, ADJUDGED AND DECREED as follows:

1. Judgment is entered in favor of plaintiff Costco Wholesale Corporation on Costco's First Claim, except on Costco's challenge to Washington's ban on retailer-to-retailer sales of beer and wine. As a result, the following challenged restraints are preempted by the federal Sherman Act, are

AMENDED JUDGMENT - 1

not shielded by the Twenty-first Amendment and are, thus, invalid and their enforcement is enjoined pursuant to Fed. R. Civ. Pro. 65(d) and 15 U.S.C. § 26:

    a. "Post and Hold" policies that require manufacturers and distributors of beer and wine to "post" the prices of their products with the LCB and to "hold" those prices for a full calendar month. See RCW 66.28.180(2)-(3); WAC 314-20-100(2) & (5); WAC 314-24-190(2) & (5).

    b. Uniform Pricing policies that require beer and wine distributors to sell their products to every retailer at the same price. See RCW 66.28.170; RCW 28.180(2) & (3); WAC 314-24-140; WAC 314-20-100(2), (4) & (5); WAC 314-24-190(2), (4) & (5).

    c. Bans on Credit Sales of beer and wine. See WAC 314-13-015; RCW 66.28.010; WAC 314-20-090; WAC 314-12-140(3).

    d. Ban on Volume Discounts for sales of beer and wine. See RCW 66.28.180(2)(d) & (3)(b); RCW 66.28.170; WAC 314-12-140(3).

    e. "Delivered Pricing" policies that require distributors to sell beer and wine at the same "delivered" price to all retailers, even if the retailer pays the freight and picks up the goods itself. See RCW 66.28.180(2)(h)(ii).

    f. "Central Warehousing" Bans that prohibit retailers from storing beer and wine at a central warehouse or from operating a warehouse that includes wine, see RCW 66.28.180(2)(h)(ii) and RCW 66.24.185(4), as well as restrictions that would limit the output of wine from a central warehouse operated by a retailer. See WAC 314-24-220(5).

    g. Minimum Mark-Up policies that impose mandatory 10 percent mark-ups on the sale of beer and wine by manufacturers and distributors. See RCW 66.28.010(2); RCW 66.28.180(2)(d) & (3)(b).

AMENDED JUDGMENT - 2

2. Judgment is also entered in Costco's favor on Costco's Second Claim and the related portion of Costco's Third Claim.  Discrimination favoring in-state producers of wine and beer over out-of-state producers in selling to retailers violates the Commerce Clause and 42 U.S.C. § 1983.  It is unnecessary for the Court to reach Costco's request for relief for antitrust violations under 42 U.S.C. § 1983.  The Court may grant injunctive relief and attorney's fees and costs under 15 U.S.C. § 26.

3. Judgment is entered in defendants' favor on Costco's Fourth Claim, without prejudice to Costco pursuing such claims in state court.  Judgment is also entered in defendants' favor on Costco's claim challenging Washington's ban on retailer-to-retailer sales of beer and wine.

4. Except as to Costco's Second Claim and related portion of Costco's Third Claim, the Judgment is stayed until the Court issues a ruling on Defendants' Motion for Stay of Order and Judgment Enjoining Enforcement of Certain Rules and Laws Pending Appeal.  (Dkt. No. 158).

5. Briefing regarding Costco's request for attorneys' fees and costs shall correspond with the following schedule:  Costco shall supplement its motion outlining its request for an award of attorneys' fees, filed May 8, with a supporting memorandum and declarations by May 26.  Defendants' responses are due June 30, and Costco's reply is due July 21.

DATED this 25th day of May, 2006.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

AMENDED JUDGMENT - 3