1

2

3

4

5
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
6
AT SEATTLE

7
COSTCO WHOLESALE CORPORATION,

8
Plaintiff,

9
No. C04-360P
v.

10
ORDER ON DEFENDANTS'
ROGER HOEN, et al.,
MOTION FOR STAY

11
Defendants, and

12
WASHINGTON BEER AND WINE
WHOLESALERS ASSOCIATION,
13

14
Intervenor-Defendant

15

16
This matter comes before the Court on the Liquor Control Board (LCB) Defendants' motion

17
for stay of order and judgment enjoining enforcement of certain rules and laws pending appeal. (Dkt.

18
No. 158). The Court has reviewed the materials submitted by the parties, including a brief filed by the

19
Intervenor-Defendant Washington Beer and Wine Wholesalers Association (WBWWA).[1] Being fully

20

21
    [1] On the day that Plaintiff's brief in opposition to the LCB Defendants' motion was due, the
WBWWA filed a 12-page brief "joining" the LCB Defendants' motion and offering additional
22
arguments in support of the motion. (Dkt. No. 175). The Court has reviewed the WBWWA's brief,
despite the fact that the procedure followed by the WBWWA is not authorized by the Local Civil
23
Rules of this Court. See Local Civil Rule 7(b)(2) (authorizing parties to file briefs in opposition to a
motion, but making no provision for filing briefs to lend additional support to another party's motion).
24
Because the WBWWA filed its brief on the same day that Plaintiff's opposition brief was due, Plaintiff
did not have the opportunity under the Local Civil Rules to file a written response to the WBWWA's
25
additional arguments.

ORDER - 1

1    advised and having heard oral argument on this matter, the Court GRANTS in part and DENIES in

2    part the LCB Defendants' motion.  The Court finds that a partial stay of judgment is warranted until

3    the next regular session of the Washington State Legislature has been completed in order to provide

4    the Legislature with an opportunity to respond to the Court's ruling.  Therefore, the Court will extend

5    the stay of judgment in this matter until May 1, 2007.  The reasons for the Court's order are set forth

6    below.

7                                                          **Background**

8            In this litigation, Costco has challenged various Washington state policies governing the sale

9    and distribution of beer and wine.  On December 21, 2005, the Court granted in part Costco's motion

10   for summary judgment on its claim that Washington's policy of allowing only in-state beer and wine

11   producers to sell their products directly to retailers violates the Commerce Clause.  The Court stayed

12   entry of judgment on that claim until April 14, 2006 to provide the State Legislature with the

13   opportunity to address this issue by either: (1) extending the direct sales privilege to out-of-state

14   producers; or (2) withdrawing the privilege from in-state producers.  The Legislature chose to enact

15   legislation extending the direct sales privilege of out-of-state producers, although it included a "sunset

16   provision" that provides that the new law will expire unless it is renewed.

17           Costco also raised federal antitrust claims challenging a number of Washington state policies

18   governing beer and wine sales and distribution.  Following a bench trial, the Court entered its findings

19   of fact and conclusions of law on April 21, 2006.  The Court found that the following restraints

20   challenged by Costco ("the challenged restraints") should be enjoined because they are preempted by

21   the federal Sherman Act and are not shielded by the Twenty-first Amendment:

22           (a)    "Post and hold" policies that require beer and wine distributors and manufacturers to
                    "post" the prices of their products with the state and to "hold" those posted prices for a
23                  full calendar month.

24           (b)    Uniform pricing policies that require beer and wine distributors to sell their products to
                    every retailer at the same price.
25

ORDER - 2

1

    (c)      Prohibitions on credit sales of beer and wine.

2

    (d)      Prohibitions on volume discounts for beer and wine sales.

3

    (e)      Policies that require beer and wine distributors to charge the same "delivered" price to all retailers, even if the retailer pays the freight and picks up the goods itself.

4

5

    (f)      Prohibitions on central warehousing of beer and wine by retailers.

6

    (g)      Policies that require a 10% minimum mark-up on sales of beer and wine from producers to wholesalers, as well as a 10% minimum mark-up on sales of beer and wine from distributors to retailers.

7

8

The Court entered a judgment on April 24, 2006, which was amended on May 25, 2006.  The LCB

9

Defendants have filed a notice of appeal from the amended judgment and have moved to stay the

10

judgment pending appeal.  The Court initially stayed enforcement of the judgment for 30 days.  By

11

agreement of the parties, the Court included a provision in the amended judgment that extended the

12

stay until the Court rules on this motion.

**Analysis**

13

14

The LCB Defendants bring their motion to stay pursuant to Fed. R. Civ. P. 62(c), which

15

provides in relevant part:

16

> When an appeal is taken from an interlocutory or final judgment granting, dissolving, or denying an injunction, the court in its discretion may suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party. . . .

17

18

"This rule codifies the inherent power of a court 'to preserve the status quo where, in its sound

19

discretion, the court deems the circumstances so justify.'" Christian Science Reading Room Jointly

20

Maintained v. City & County of San Francisco, 784 F.2d 1010, 1017 (9th Cir. 1986)

21

The question of whether a stay pending appeal is warranted requires consideration of four

22

factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the

23

merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the

24

stay will substantially injure the other parties interested in the proceeding; and (4) where the public

25

interest lies." Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

ORDER - 3

1    The Ninth Circuit has noted that "[t]he standard for evaluating stays pending appeal is similar

2    to that employed by district courts in deciding whether to grant a preliminary injunction." Lopez v.

3    Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983).  Under this standard, a party must demonstrate either:

4    (1) a probability of success on the merits and the possibility of irreparable injury; or (2) that serious

5    legal questions are raised and that the balance of hardships tips sharply in its favor. Id.  Consistent

6    with Hilton, the public interest is also a factor to be "strongly considered." Id.

7    1.        Merits of Appeal

8            The Court does not find that the LCB Defendants have demonstrated a strong likelihood of

9    success on appeal.  However, "[w]hen the request for a stay is made to a district court, common sense

10   dictates that the moving party need not persuade the court that it is likely to be reversed on appeal."

11   Canterbury Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 150 (D. Mass. 1998).  Instead, "the

12   movant must only establish that the appeal raises serious and difficult questions of law in an area

13   where the law is somewhat unclear." Id.  Here, the Court finds that the antitrust issues in this case

14   present reasonably serious and difficult questions of law in an area where the law is not entirely clear,

15   particularly given the breadth of Costco's challenge to state policies.[2]  Costco's antitrust claims

16   required a detailed four-part analysis and presented a number of issues of law that are not entirely

17   well-settled.

18

19

20

21

22       [2] As discussed earlier, Costco also raised a Commerce Clause challenge to Washington's
     policy of allowing only in-state beer and wine manufacturers to sell directly to retailers.  The Court
     does not regard this constitutional claim as posing a difficult question of law, given the guidance
23   provided by the Supreme Court's ruling in Granholm v. Heald, 544 U.S. 460 (2005).  In any case, the
     State Legislature responded to the Court's ruling on Costco's constitutional challenge by extending
24   the direct sales privilege to out-of-state manufacturers, subject to a sunset provision.  As a result,
     today's ruling should not be construed as staying the Court's judgment on Costco's constitutional
25   claims.

ORDER - 4

2.      Injury to Defendants if a Stay Does Not Issue

Although the LCB Defendants and the WBWWA argue that they will suffer irreparable harm if a stay of judgment does not issue, neither party has offered affidavits or declarations to support their contentions.  The LCB Defendants raise three primary arguments: (1) they will not be able to regulate the sale and distribution of beer and wine effectively if a stay does not issue; (2) they will be unable to effectively collect the "liter tax" on beer and wine without a stay; and (3) their appeal may become moot if a stay is not issued.  The WBWWA also argues that "in the absence of a stay the Court's ruling will affect the business practices of WBWWA members and the very structure of their businesses" and will "impact their relationships with customers and creditors, and could jeopardize the livelihood of their employees."  (Dkt. No. 175 at 9).

A.      LCB's Ability to Regulate

The LCB Defendants assert that "[i]f the Court's order takes effect, the LCB will be without effective ability to regulate."  (Opening Brief at 4).  However, as Costco notes, other states operate their beer and wine regulatory systems without the challenged restraints.  Costco also observes that the State Liquor Act includes a severability clause that provides that if any clause, part, or section of the act is invalidated, such judgment shall not affect nor invalidate the remainder of the act.  See RCW 66.98.020.  The Court's judgment does not enjoin many aspects of the beer and wine regulatory system, such as laws and regulations regarding licensing, advertising, promotional activities, labeling, warnings, below-cost sales, free alcohol, public consumption, and sales to minors and the intoxicated.  As a result, the LCB Defendants' contention that the Court's judgment would leave the LCB "without effective ability to regulate" must be regarded as an overstatement.

The LCB Defendants raise two specific regulatory concerns: (1) the Court's judgment will hinder the LCB's ability to enforce laws prohibiting below-cost sales of beer and wine; and (2) the Court's ruling will hamper their ability to enforce laws governing the separation of tiers in the beer and wine distribution system.  The Court considers each concern below.

ORDER - 5

1    **Ability to Enforce Laws Against Below-Cost Sales:** First, the LCB Defendants argue that

2    enjoining the challenged restraints will impact their ability to enforce laws against below-cost sales of

3    beer and wine.  Among other things, the challenged restraints require all producers and wholesalers to

4    post their prices with the LCB and hold the posted prices for a month.  Beer and wine distributors

5    must also charge uniform prices to all retailers, must not sell beer and wine on credit to retailers, and

6    must charge all retailers the same "delivered" price regardless of the actual delivery costs.  The LCB

7    Defendants suggest that without such policies, the agency "would have extreme difficulty enforcing

8    the unchallenged ban on retail sales at a price below acquisition."  (Opening Brief at 4).

9    In response, Costco notes that the LCB has broad authority to inspect the books and records

10   of beer and wine manufacturers and license holders.  See RCW 66.08.130 & .140.  The LCB may also

11   seek a search warrant with probable cause (RCW 66.32.020) and seek appointment of an

12   administrative law judge with authority to compel testimony and document production (RCW

13   66.24.010(3)(d)).  Costco also suggests, and the Court agrees, that the Court's judgment should not

14   be construed as barring a requirement that beer and wine producers and distributors confidentially post

15   their prices with the LCB, provided that a confidential price posting requirement is not accompanied

16   by a "hold" requirement.  As a result, Costco maintains that enforcing the Court's judgment pending

17   appeal would not leave the LCB without the ability to investigate and enforce laws against below-cost

18   sales.

19   The challenged restraints may facilitate the LCB's ability to enforce laws against below-cost

20   sales of beer and wine.  However, the LCB Defendants have not offered affidavits or declarations to

21   support their contentions that they would have "extreme difficulty" enforcing this law without the

22   challenged restraints, nor do they specify what additional regulatory authority or policies may be

23   needed in order to enforce laws against below-cost sales if the challenged restraints are enjoined.  This

24   lack of evidence and specificity makes it difficult for the Court to evaluate the degree of harm that the

25   LCB Defendants would experience if a stay does not issue.  In any case, to the extent that the LCB

ORDER - 6

1   Defendants believe that the State Legislature must enact new legislation to facilitate the LCB's ability

2   to enforce laws against below-cost sales in light of the Court's judgment, such a concern would only

3   warrant a stay until the State Legislature has had an opportunity to respond to the Court's ruling.

4        **Ability to Enforce Separation of Tiers:**   The LCB Defendants suggest that eliminating the

5   challenged restraints will make it more difficult to "efficiently and reliably determine that

6   manufacturers are at arms length from retailers" and that "[w]ithout the 'buffer' of a mandatory middle

7   tier (or an effective set of replacement controls) the LCB will be hard pressed to regulate prohibited

8   practices." (Opening Brief at 5).

9        The LCB Defendants appear to argue that the Court's judgment would eliminate the "buffer of

10   a mandatory middle tier" – i.e., beer and wine wholesalers – from the current system.  However, as

11   Costco notes, it was the State Legislature that decided to allow and expand direct sales of beer and

12   wine from manufacturers to retailers.  Because the State Legislature has elected to permit direct sales

13   from manufacturers to retailers without requiring products to pass through a separate wholesaler tier,

14   the Court fails to see how enjoining the challenged restraints will create a risk of irreparable harm by

15   eliminating the "buffer of a mandatory middle tier."

16        B.    <u>Ability to Collect Liter Tax</u>

17        The LCB Defendants also suggest that unless a stay is issued, they will be hampered in their

18   ability to collect the "liter tax" on beer and wine.  This tax is presently collected at the wholesaler

19   level.  The LCB Defendants assert that "[w]ithout a stay, the liter tax would still be due to the LCB

20   but no consistent, reliable mechanism would exist for determining what amount of tax was due, when

21   it came due and from what entity it could be collected" and that "[w]ithout a stay the current tax

22   collection system will be set aside with no replacement in sight."  (Opening Brief at 6).

23        Aside from these conclusory assertions, LCB Defendants offer no additional evidence or

24   argument to explain how enjoining the challenged restraints would hinder the LCB's ability to collect

25   the liter tax.  As Costco observes in its opposition brief, "none of the challenged restraints are part of

ORDER - 7

1 the tax collection system" (Opp. Brief at 11) – a point that the LCB Defendants do not dispute in their

2 reply brief.   As a result, the LCB Defendants have offered little basis to find that difficulties in

3 collection of the liter tax would constitute irreparable harm sufficient to warrant a stay.  And once

4 again, to the extent that the LCB Defendants believe that the State Legislature must enact new

5 legislation to facilitate the LCB's ability to collect the liter tax, such a concern would only warrant a

6 stay until the State Legislature has had an opportunity to enact such legislation.

7       C.    Mootness Concerns

8      In their reply brief, the LCB Defendants argue for the first time that unless the Court's

9 judgment is stayed, their appeal may become moot.  The LCB Defendants present no legal authority to

10 support this argument, and there is no basis for the Court to find that the LCB Defendants would be

11 injured due to this concern.

12       D.    Injury to Beer and Wine Wholesalers

13      The WBWWA argues that if a stay of judgment does not issue, "[t]he potential harm to

14 WBWWA members from the Court's ruling is the disruption of an entire industry, which extends far

15 beyond mere economic damage."  (Dkt. No. 175 at 9).  The WBWWA maintains that the absence of a

16 stay "will affect the business practices of WBWWA members and the very structure of their

17 businesses" and "will also impact their relationships with customers and creditors, and could

18 jeopardize the livelihood of their employees."[3]  Id.

19      As noted earlier, Costco did not have an opportunity to file a written response to the

20 WBWWA's brief because the WBWWA filed a 12-page brief "joining" the LCB Defendants' motion

21 on the same date that Costco's brief in opposition to the LCB Defendants' motion was due.  Putting

22 aside this concern, the Court does not find that the WBWWA has offered compelling evidence that its

23

24     [3]   The WBWWA also expresses concern that failure to stay the judgment will harm small retailers of beer and wine.  However, the WBWWA represents beer and wine wholesalers, not small retailers.

25

ORDER - 8

1   members will suffer irreparable harm if a stay does not issue.  The WBWWA offers no affidavits or

2   declarations in support of its assertions of irreparable harm.  The Court recognizes that enjoining the

3   challenged restraints will end certain requirements that beer and wine wholesalers have operated under

4   for a number of years, which will likely result in greater competition in the marketplace.  However,

5   "[t]he mere existence of competition is not irreparable harm, in the absence of substantiation of severe

6   economic impact."  Washington Metro. Area Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841,

7   843 n.3 (D.C. Cir. 1977).

8   3.      Injury to Costco If a Stay Issues

9          For its part, Costco's briefing does not suggest that the company will be substantially injured if

10  the Court's judgment is stayed pending appeal.  As a result, Costco provides the Court with little if

11  any basis to find that the company will be significantly prejudiced by a stay.  Costco's ability to

12  operate profitably despite the challenged restraints also tends to suggest that Costco would not suffer

13  substantial harm if a stay does not issue.  As one court noted in a case challenging aspects of

14  Massachusetts' regulatory system, "a stay would merely perpetuate pending appeal a regulatory

15  system under which it appears that plaintiffs have been able to operate profitably, although not as

16  profitably as they expect to operate if non-discriminatory price competition is permitted."  Canterbury

17  Liquors & Pantry v. Sullivan, 999 F. Supp. 144, 151 (D. Mass. 1998).

18  4.      Public Interest

19         In some respects, the public interest may be advanced if a stay does not issue pending appeal.

20  As Costco notes, denying a stay would advance the public's interest in promoting competition and the

21  underlying policy goals of the Sherman Act.  Denying a stay may also result in somewhat lower beer

22  and wine prices for some consumers.

23         At the same time, smaller retailers and their customers may pay somewhat higher prices for

24  beer and wine if the Court' s judgment is not stayed.  In addition, the Court is mindful of the LCB

25  Defendants' argument at trial that the restraints promote temperance by increasing the average prices

ORDER - 9

1   of beer and wine in Washington state.  As the Court noted in its findings of fact and conclusions of

2   law, the State Legislature could readily advance this goal in a manner that does not violate federal

3   antitrust law by increasing excise taxes on beer and wine.  However, the Legislature adjourned its

4   2006 regular session before the Court entered its judgment and has not had an opportunity to take

5   action in response to the Court's ruling.  The public interest would appear to weigh in favor of

6   providing the State Legislature with the opportunity to determine whether it wishes to take such a step

7   before the Court's judgment takes effect.

8          The question of whether the State Legislature may wish to raise excise taxes on beer and wine

9   to promote temperance is one of many policy decisions that the State Legislature may confront in light

10  of the Court's ruling.  The Court's judgment would enjoin a number of policies adopted by the State

11  Legislature in an important area of public concern.  Many of the policies have been in place, in one

12  form or another, since the end of Prohibition.  Under these circumstances, the Court finds that the

13  public interest would be served by staying the Court's judgment until the State Legislature has had an

14  opportunity to respond to the Court's ruling.  The public has a strong interest in having its elected

15  representatives determine, in an orderly and deliberate fashion, whether new policies should be

16  adopted in response to the Court's judgment.

17                                          **Conclusion**

18         The Court finds that the LCB Defendants' appeal raises serious and difficult questions of law,

19  at least with respect to Costco's antitrust claims.  The Court also finds that Costco has not

20  demonstrated that it will be significantly prejudiced if a stay issues.  For their part, the LCB

21  Defendants and the WBWWA have not made an especially compelling showing that the balance of the

22  hardships tips so sharply in their favor as to warrant a stay.  Their arguments are largely conclusory or

23  speculative and are not supported with affidavits or declarations.  However, as the Court noted in its

24  findings of fact and conclusions of law, eliminating the challenged restraints will require some

25  significant changes in Washington's existing system for beer and wine sales and distribution.  In

ORDER - 10

1   addition, enjoining the challenged restraints will eliminate some tools that the LCB has used to enforce

2   laws prohibiting below-cost sales of beer and wine.  As a result, it may be necessary for the LCB to

3   seek additional enforcement tools and regulatory authority from the State Legislature in light of the

4   Court's judgment.  In addition, the public interest would be served by providing the State Legislature

5   with an opportunity to decide whether it wishes to adopt new policies regarding beer and wine sales

6   and distribution before the Court's judgment takes effect.

7          Under these circumstances, the Court finds that a partial stay of the judgment in this matter is

8   warranted until the State Legislature has had an opportunity to take action in response to the Court's

9   ruling.  The next regular session of the State Legislature will begin on January 8, 2007, the second

10  Monday in January.  See RCW 44.04.010.  Under the Washington Constitution, the State

11  Legislature's regular session in an odd-numbered year may last no more than 105 days.  See Wn.

12  Const., art. II, §12(1).  As a result, the next regular session of the Legislature should be completed by

13  April 23, 2007.

14         Therefore, the Court will extend its stay of judgment in this matter until May 1, 2007, with the

15  exception that the stay will not apply to the Court's judgment on Costco's constitutional claims

16  regarding policies that permit only in-state beer and wine manufacturers to sell their products directly

17  to retailers.  Any further requests for a stay pending appeal in this matter should be directed to the

18  Court of Appeals.  As Costco has not argued in its briefing that it would suffer injury if the stay is

19  extended or that security should be required as a condition of extending the stay, the Court will not

20  require defendants to post a bond.

21         The clerk is directed to provide copies of this order to all counsel of record.

22         Dated:  September 14, 2006

23                                                     s/Marsha J. Pechman
                                                       Marsha J. Pechman
24                                                     United States District Judge

25

ORDER - 11