UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COSTCO WHOLESALE CORPORATION,

    Plaintiff,

  v.

ROGER HOEN, et al.,

    Defendants, and

WASHINGTON BEER AND WINE WHOLESALERS ASSOCIATION,

    Intervenor-Defendant

No. C04-360P

ORDER ON PLAINTIFF'S REVISED MOTION FOR ATTORNEYS' FEES AND COSTS

    This matter comes before the Court on Plaintiff Costco Wholesale Corporation's revised motion for attorneys' fees and costs. (Dkt. No. 219).[1] The parties have stipulated to a fee award of $1,635,741 and a cost award of $66,972 to Costco, subject to certain provisions. The only issue before the Court is whether the Washington Beer and Wine Wholesalers Association (WBWWA), an intervenor-defendant, should be jointly and severally liable for the stipulated award of fees and costs along with the Liquor Control Board (LCB) Defendants. Having reviewed the papers and pleadings

---

[1] Costco filed a corrected version of this revised motion, which may be found at Dkt. No. 220. Costco's original motion for fees may be found at Dkt. No. 153.

ORDER - 1

1  submitted by the parties and the balance of the record in this case, the Court finds and ORDERS as
2  follows:

3      (1)    The Court DENIES Costco's motion to the extent it seeks to hold the WBWWA
4  jointly and severally liable for the stipulated award of fees and costs. In analyzing this issue, the Court
5  is guided by the Supreme Court's decision in <u>Independent Federation of Flight Attendants v. Zipes</u>,
6  491 U.S. 754 (1989). In <u>Zipes</u>, the Court considered whether attorneys' fees could be awarded
7  against a non-prevailing intervenor in a Title VII case. The Court held that such awards should be
8  made against "losing intervenors only where the intervenors' action was frivolous, unreasonable, or
9  without foundation." <u>Id.</u> at 761. In reaching this conclusion, the Court observed that "innocent"
10 intervenors had not violated any individual's civil rights. <u>Id.</u> at 763-64. Although Costco suggests
11 that the reasoning of <u>Zipes</u> should not be applicable in the context of an antitrust case, the Court finds
12 no persuasive reason why it should not.[2]

13     Costco also argues that the WBWWA should not be regarded as an "innocent intervenor"
14 under <u>Zipes</u>. Costco observes that the WBWWA or its members advocated vigorously in the
15 legislative and administrative arenas for many of the challenged restraints, exercised a degree of
16 private regulatory power under the challenged regime, and benefitted financially from the challenged
17 restraints. Costco also argues that the WBWWA has acted as a "full defendant aligned with the
18 original defendant." (Reply at 3). Costco's arguments are not without merit. It is apparent that the
19 WBWWA and the LCB Defendants worked together very closely in defending this action. As Costco
20 notes, the WBWWA and the LCB Defendants entered into a joint defense agreement in which they
21 agreed that "their respective interests, claims and defenses are substantially similar." This joint defense
22 agreement was executed two months after the Court granted the WBWWA's motion to intervene in

---

[2] Costco acknowledges that the fee award statute at issue in <u>Zipes</u> is very similar to the fee award provisions of 42 U.S.C. § 1988, which applies to Costco's request for fees as a prevailing party under 42 U.S.C. § 1983.

ORDER - 2

1  this matter, a motion in which the WBWWA represented that its positions in this matter "will differ"
2  from the positions of the LCB Defendants. (Dkt. No. 7 at 10).

3  Nonetheless, <u>Zipes</u> suggests that an intervenor generally should be regarded as "innocent" for
4  the purposes of liability for a fee award if the intervenor did not violate the law or the civil rights of the
5  plaintiff. <u>See, e.g.</u>, <u>Sable Commn'cs. of Cal. v. Pac. Tel. & Tel. Co.</u>, 890 F.2d 184, 194 n.20 (9th Cir.
6  1989) (characterizing an "innocent intervenor" under <u>Zipes</u> as "intervenors who 'have not been found
7  to have violated anyone's civil rights'"). In this case, there has been no finding that the WBWWA
8  violated federal antitrust law or Costco's constitutional rights.

9  In significant part, Costco's "innocent intervenor" arguments rely on <u>Mallory v. Harkness</u>, 923
10  F.Supp. 1546 (S.D. Fla. 1996). However, the facts of <u>Mallory</u> are readily distinguishable from those
11  presented here. In <u>Mallory</u>, the Florida Attorney General was held liable as an intervenor for a portion
12  of the plaintiff's attorney's fees in a civil rights case that challenged the constitutionality of a Florida
13  statute. It appears that the Attorney General in <u>Mallory</u> effectively assumed responsibility for
14  defending the suit after the three named defendants refused to defend the statute. Here, by contrast,
15  the LCB Defendants vigorously defended the challenged restraints. In addition, the <u>Mallory</u> court
16  found that "[t]he State and the Attorney General were primarily responsible for violating" the
17  plaintiff's civil rights. <u>Id.</u> at 1552. A similar finding has not been made in this case. As a result, the
18  Court does not find <u>Mallory</u> to be applicable here.

19  The Court also does not conclude that the WBWWA's actions in this litigation were frivolous,
20  unreasonable, or without foundation. Although the WBWWA's arguments in this case were at times
21  tenuous – particularly their arguments regarding the applicability of the Supreme Court's <u>Granholm</u>
22  decision to the issue of direct sales from manufacturers to retailers – the WBWWA's actions were not
23  so meritless as to warrant liability for a fee award under the standards set forth in <u>Zipes</u>.

24  Costco also suggests that the WBWWA's intervention in this matter was unreasonable and
25  without foundation, pointing to the joint defense agreement in which the WBWWA and LCB

ORDER - 3

1  Defendants agreed that their interests, claims, and defenses in this matter were "substantially similar."

2  While Costco's concerns regarding this issue are understandable, intervention is not unjustified simply

3  because the intervenor's interests are "substantially similar" to the named defendants.  As the Court

4  noted in its order granting the WBWWA's motion to intervene:

> The case law requires only that the existing parties may not adequately represent the intervenor applicant's interest.  In assessing adequacy of representation, the court should consider whether the interest of the existing party is such that it will undoubtedly make all of the intervenor's arguments, whether the existing party is capable and willing to make such arguments, and whether the would-be intervenor would offer any necessary elements to the proceedings that the other parties would neglect.

(Dkt. No. 17 at 4) (emphasis in original) (internal citation omitted).  Under these standards, the Court does not find that WBWWA's intervention was unreasonable or without foundation, notwithstanding their subsequent joint defense agreement with the LCB Defendants.

(2)    The Court GRANTS Costco's motion to the extent it seeks entry of a stipulated judgment awarding fees and costs against the LCB Defendants.  The Court will enter the "Proposed 1 Judgment for Fees and Costs" submitted by Costco. (Dkt. No. 219).

(3)    The clerk is directed to provide copies of this order to all counsel of record.

Dated: November 3, 2006

                                             s/Marsha J. Pechman
                                             Marsha J. Pechman
                                             United States District Judge

ORDER - 4